UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
DANIEL A. PORTER                                    NO. 08-20249 REF
                                                    CHAPTER 7

---

DAVID A. EISENBERG, TRUSTEE
            Plaintiff                               ADV NO. 2011-_____
vs

AVIVA ASSIGNMENT CORPORATION, and
AVIVA LIFE AND ANNUITY COMPANY
            Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1.  Plaintiff is David A. Eisenberg, Trustee of the Bankruptcy Estate of Debtor, Daniel A. Porter ("Plaintiff" or "Trustee")

2.  Defendants are Aviva Life and Annuity Company fka Aviva Insurance Company ("Aviva Life") and its assignee, Aviva Assignment Corporation ("Aviva Assignment'), collectively ("Aviva" or "Defendants").

### JURISDICTION AND VENUE

3.  This is a core proceeding and this Court has jurisdiction pursuant to 28 USC § 2201, and 28 USC §157 (b)(2)(A),(M) and (O) as well as 28 USC §1334. Venue is appropriate in this district pursuant to 28 USC §1408.

### CLAIM

4.  Among the original assets of Debtor's Bankruptcy Estate was an annuity issued by Aviva Life, Contract Number SS475143 ("Contract") [a true and correct copy of which is attached Exhibit A] which was purchased by Aviva Assignment on or about May 9, 2003. The Contract arose from settlement of litigation in which Debtor was involved. This was part of a "structured settlement" of litigation brought by Debtor for personal injuries in the Court of Common Pleas of Lehigh County PA ("CP Court")

5.  The Contract terms provide for periodic payments to Debtor, Daniel A. Porter.

6. The Contract, in its entirety, became property of the Bankruptcy Estate ("Estate") pursuant to 11 USC § 541.

7. Debtor exempted $100 per month of payment stream provided by the Contract. The balance of the value of the Contract ("Remaining Annuity") remains exclusively property of the Estate.

8. By Order dated October 7, 2008 ("Order")[1], the aforesaid bifurcation of payments was approved by this Court. A copy of the Order and underlying stipulation is made a part hereof and marked Exhibit B.

9. Since the time of the Order, Defendants have been making bifurcated payments to Debtor and Plaintiff Trustee without application to CP Court under Structured Settlement Laws.

10. The Trustee has been seeking to sell the Remaining Annuity in the annuity and a number of entities or persons have expressed interest in purchasing the same.

11. However, potential purchasers needlessly condition offers upon approval of the transfer by the CP Court (rather than this Bankruptcy Court), based upon their reading of the Pennsylvania Structured Settlement Act, 40 P.S. §4001, et seq., as well as 28 USC § 5891 [Structured Settlement factoring agreements] (together, "Structured Settlement Laws").

12. Defendants, too, have insisted upon an order of CP Court, as a condition of acknowledging any transfer of the Remaining Annuity, or complying with the terms of any sale or assignment. This condition significantly reduces the value of the Remaining Annuity to the Estate, requiring either a significant reduction in price or additional expense by the Estate to obtain such CP Court approval.

13. CP Court approval is not necessary and, moreover, is without practical sense. To go to CP Court for approval would require first accepting a particular offer when, given the interest in the Remaining Annuity, an auction the Remaining Annuity will more likely result in a better return for the Estate.

---

[1] Document 10 of the Main Case [08-20249], approving settlement of Adversary Case No. 08-2024, *Eisenberg, Trustee v. Aviva Life Insurance Co., et al.*

14. If the relief requested in this Complaint is granted, the Estate can offer the Remaining Annuity to all potential purchasers without the burden of additional expense and cost to either the Estate or the successful purchaser.

15. It is the position of the Trustee that the Structured Settlement Laws are *inapplicable* to the sale of the Remaining Annuity. A sale by the Trustee is not a factoring transaction contemplated by the Structured Settlement Laws designed to protect the annuitant.

16. The Remaining Annuity is property of the Estate and not property of the Debtor or the annuitant.

17. The Structured Settlement Laws only apply to a transfer of the interest of the annuitant and do not apply to the transfer by a bankruptcy Trustee seeking to sell bankruptcy estate property.

18. The Pennsylvania Structured Settlement is pre-empted by the Bankruptcy Code and the authority of this Court.

19. Defendants did not insist upon compliance with Structured Settlement Laws when payments were bifurcated.

20. Defendants effectively acknowledge that the Remaining Annuity is property of the Estate, and not the Debtor Annuitant by making payments to the Trustee under the terms of the Order.

Accordingly, the Trustee prays this Honorable Court for declaratory judgment and order determining that a sale of the Remaining Annuity by the Trustee for the Bankruptcy Estate is not subject to the Structured Settlement Laws, further directing the Defendants to tender payments otherwise due the Estate to any approved purchaser or assignee thereof, and for such other relief as is just and equitable.

**GERSHMAN LAW OFFICES, PC**

/s/ Howard Gershman

Howard Gershman, Esquire
610 York Road, Suite 200
Jenkintown, PA 19046
For Trustee, David A. Eisenberg